LEMMON, Justice,
concurring.
This matter is before the court on defendant’s June 2, 1980 application for supervisory writs, complaining of the trial court’s May 27th order transferring the 16-year old defendant from the Juvenile Court of Cad-do Parish to the criminal docket of the First Judicial District Court, to be tried for the crime of aggravated rape. The application basically seeks a review by this court of the transfer proceedings conducted pursuant to R.S. 13:1571.1 and C.J.P. Art. 106, but defendant also requested an order staying grand jury proceedings against him, pending this court’s action 'on his application.
On June 4 the court refused to stay grand jury proceedings and ordered the filing of a transcript of the transfer hearing in order to accord the review mandáted by R.S. 13:1571.4 B. On June 6 the grand jury indicted defendant for the March 10, 1980 crime. The court then instructed counsel for both sides to file briefs on the issue of whether defendant’s application had been rendered moot by the action of the grand jury. See State ex rel Coco, 363 So.2d 207 (La.1978).
On the issue of mootness defendant points out that the Coco case was decided under La.Const.1974, Art. 5, § 19, which at that time provided:
“Except for a person fifteen years of age or older who is alleged to have committed a capital offense or attempted aggravated rape, the determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be exclusively pursuant to special juvenile procedures which shall be provided by law. However, by law enacted by two-thirds of the elected members of each house, the legislature may (1) *918 lower the maximum ages of persons to whom juvenile procedures would apply and (2) establish a procedure by which the court of original jurisdiction may waive such special juvenile procedures in order that adult procedures would apply in individual cases.”
Defendant further points out that Section 19 was amended, effective November 30, 1979 (after the Coco decision and before the crime at issue in this case), to read as follows:
“The determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be pursuant to special juvenile procedures which shall be provided by law. However, the legislature may (1) by a two-thirds vote of the elected members of each house provide that special juvenile procedures shall not apply to juveniles arrested for having committed first or second degree murder, manslaughter, aggravated rape, armed robbery, aggravated burglary or aggravated kidnapping, and (2) by two-thirds vote of the elected members of each house lower the maximum ages of persons to whom juvenile procedures shall apply, and (3) by two-thirds vote of the elected members of each house establish a procedure by which the court of original jurisdiction may waive special juvenile procedures in order that adult procedures shall apply in individual cases. The legislature, by a majority of the elected members of each house, shall make special provisions for detention and custody of juveniles who are subject to the jurisdiction of the district court pending determination of guilt or innocence.”
Defendant accordingly argues (1) that the 1979 amendment to Section 19 removed the exception for juveniles over 15 years of age, while permitting the legislature to enact statutory exceptions, and (2) that since the legislature had failed to enact such an exception at the time of the crime for which defendant is charged, the juvenile court has exclusive jurisdiction unless that jurisdiction is waived in a transfer proceeding.
I conclude that the grand jury indictment was proper under R.S. 13:1570 (A)(5), which is not in conflict with La.Const.1974, Art. 5, § 19, as amended in 1979, and which was not intended to be affected by the 1979 amendment.[1]
R.S. 13:1570(A)(5) was amended in 1975 to overrule legislatively the decision in State ex rel. Moore v. Warden, 308 So.2d 749 (La.1975). In the Moore case the 15-year old defendant was charged by indictment with the capital offense of first degree murder, but the state accepted a plea to the non-capital, responsive offense of second degree murder. Moore’s life sentence was set aside when the court held that the guilty plea divested the court of jurisdiction over the case. The 1975 amendment, allowing district courts to retain jurisdiction when juveniles charged with capital offenses enter guilty pleas to lesser included offenses, was adopted by a two-thirds vote of both houses.
R.S. 13:1570(A)(5) remained valid and viable in March, 1980, the date of the crime at issue here. Both R.S. 13:1570(A)(5) and R.S. 13:1571.1 (the transfer statute) drew their constitutional basis from the former La.Const.1974, Art. 5, § 19 (before the 1979 amendment), and neither statute is in conflict with Section 19, as amended. Indeed, one evident purpose of the 1979 amendment was to expand the legislature’s authority to provide for “automatic” jurisdiction of district courts for certain crimes, thereby eliminating the need for transfer proceedings. *919 Moreover, implied repeal is not favored. Liter v. City of Baton Rouge, 245 So.2d 398 (La.1971). Accordingly, I conclude that the 1979 amendment to La.Const.1974, Art. 5, § 19 did not require re-enactment of all non-conflicting statutes enacted pursuant to the former Section 19’s grant of authority and therefore did not affect or restrict R.S. 13:1570(A)(5).

. R.S. 13:1570(A)(5) provides:
“Except as otherwise provided herein, the court shall have exclusive original jurisdiction in proceedings:
A. Concerning any child whose domicile is within the parish or who is found within the parish:
******
(5) Who violates any law or ordinance, except a child who, after having become fifteen years of age, is charged with having committed a capital crime, or a crime defined by any law defining attempted aggravated rape; provided that once such a child has been actually charged with a capital crime, armed robbery, or attempted aggravated rape, the district court shall retain jurisdiction over his case, even though the child pleads guilty to, or is convicted of, a lesser included offense: and a plea to, or conviction of, a lesser included offense shall not revest the juvenile court with jurisdiction of such a child.”