[1] We are called upon in this case to assess the constitutionality of La.R.S. 13:1570(A)(5) which was enacted pursuant to the authorization granted by La. Const. art. 5 § 19.
[2] The defendant Donald Leach, who was sixteen years and four months old at the time of an alleged aggravated rape, filed a motion to quash his grand jury indictment[1] contending that La.R.S. 13:1570(A)(5), which allowed him to be tried as an adult in the district court, was unconstitutional. The trial judge agreed and granted the defendant's motion. The state filed a writ application in this Court which we are treating as an appeal because our appellate jurisdiction extends to cases where a statute has been declared unconstitutional by a lower court. La. Const. art. 5 § 5(A).
[3] For the reasons which follow, we find La.R.S. 13:1570(A)(5) is constitutional and remand the case to the district court for further proceedings.
[4] Article 5 § 19 of the Louisiana Constitution of 1974, as a amended effective November 30, 1979, provides essentially that a person alleged to have committed a crime prior to his seventeenth birthday is to be treated in court pursuant to special juvenile procedures. That same provision, however, authorizes the legislature (1) to enact laws by two-thirds vote treating differently juveniles arrested for having committed seven distinct serious felonies,[2] and (2) to enact laws by two-thirds vote lowering the maximum ages of persons to whom only juvenile procedures shall apply, and (3) to enact laws by two-thirds vote to establish a procedure by which special juvenile procedures may be *West Page 1234 
waived in order that adult procedures shall apply in individual cases.[3]
[5] After article 5 § 19 of the Louisiana Constitution was ratified by the people in 1979, the Legislature adopted R.S.13:1570(A)(5) which provides essentially that a child fifteen years or older, charged with committing any of four of the constitutionally described serious felonies (first degree murder, second degree murder, manslaughter, or aggravated rape) is excepted from the requirement that he be handled only pursuant to special juvenile procedures, and that a child sixteen years or older charged with committing any of three of the constitutionally described serious felonies (armed robbery, aggravated burglary, or aggravated kidnapping) is similarly excepted from the juvenile court requirement.
[6] When the defendant Leach was brought before the district court pursuant to La.R.S. 13:1570(A)(5), he specifically argued that the district court lacked jurisdiction in his case and that the indictment should be quashed because (1) the provisions of La.R.S. 13:1570(A)(5) violated La. Const. art. 5 § 19 and (2) because La.R.S. 13:1570(A)(5) violated defendant's right to equal protection under the law guaranteed by the Fourteenth Amendment to the United States Constitution and article 1 § 3 of the Louisiana Constitution.
[7] The more significant of defendant's arguments is his contention related at (1) above, that is, that while constitutionally the legislature may cause to be treated as adults in district court juveniles arrested for having committed one or more of the seven serious felonies, and that while constitutionally the legislature may "lower the maximum ages of persons to whom" only "juvenile procedures shall apply", the legislature may not create classes of juveniles for treatment as adults determined by the age and offense allegedly committed by the juvenile.
[8] For the reasons which follow, we find this argument not meritorious.
[9] The pertinent constitutional and statutory provisions, fully quoted, are as follows:
[10] Article 5, § 19 of the Louisiana Constitution of 1974, effective November 30, 1979:
[11] The determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be pursuant to special juvenile procedures which shall be provided by law. However, the legislature may (1) by a two-thirds vote of the elected members of each house provide that special juvenile procedures shall not apply to juveniles arrested for having committed first or second degree murder, manslaughter, aggravated rape, armed robbery, aggravated burglary or aggravated kidnapping, and (2) by two-thirds vote of the elected members of each house lower the maximum ages of persons to whom juvenile procedures shall apply, and (3) by two-thirds vote of the elected members of each house establish a procedure by which the court of original jurisdiction may waive special juvenile procedures in order that adult procedures shall apply in individual cases. The legislature, by a majority of the elected members of each house, shall make special provisions for detention and custody of juveniles who are subject to the jurisdiction of the district court pending determination of guilt or innocence.
[12] R.S. 13:1570(A)(5), effective September 12, 1980:
[13] Except as otherwise provided herein, the court shall have exclusive original jurisdiction in proceedings:
[14] A. Concerning any child whose domicile is within the parish or who is found within the parish:
[15] * * * * * *
[16] (5) Who violates any law or ordinance, except a child who, after having become fifteen years of age or older is charged *West Page 1235 
with having committed first degree murder, second degree murder, manslaughter, aggravated rape, or a person who, after becoming sixteen years of age or older, is charged with having committed armed robbery, aggravated burglary, or aggravated kidnapping. Once such a child has been charged with having committed any offense listed in this Paragraph, the district court shall retain jurisdiction over his case, even though the child pleads guilty to, or is convicted of, a lesser included offense, and a plea to, or conviction of, a lesser included offense shall not revest the court exercising juvenile jurisdiction of such a child.
[17] The outset sentence of the constitutional provision mandates special juvenile procedures for those who allegedly have committed a crime prior to their seventeenth birthdays. Thereafter the legislative discretion to fashion exceptions to that rule is confined to three specific areas, two of which are at issue here.
[18] The Legislature could have provided for adult treatment for juveniles charged with perpetrating any one or more of the seven enumerated crimes, and as well, could have provided for adult treatment for all juveniles of any given age less than seventeen (say, fourteen) charged with all crimes, including the seven enumerated in the constitutional provision.
[19] In enacting La.R.S. 13:1570(A)(5) the Legislature did not choose either of these more extensive exceptions. The Legislature did not send to district court all juveniles charged with first or second degree murder, or manslaughter, or armed robbery, or aggravated burglary, or aggravated rape, or aggravated kidnapping. The Legislature did not enact a law to send to district court all juveniles charged with crime age fifteen, or some other age.
[20] Rather the Legislature in their wisdom created three narrow classes of juveniles: (1) fifteen year olds and over charged with first degree murder, second degree murder, manslaughter, and/or aggravated rape; (2) sixteen year olds charged with armed robbery, aggravated burglary, and/or kidnapping; and (3) all other juveniles (i.e., under seventeen years of age) charged with crime. Admittedly the statute imposes a lowered maximum age for four of the constitutionally described serious felonies, a different lowered maximum age for three of the constitutionally described serious felonies, and no lowered age for all other criminal offenses.
[21] And of course it is true that the constitutional provision, conjunctively, authorizes (1) adult treatment for classes of juveniles based on seriousness of offense, and (2) legislative reduction of the maximum age for juvenile treatment. It does not follow, however, that the constitutional provision does not authorize legislative reduction of the ages of different classes of juveniles based on seriousness of the offense. In fact, just the contrary appears to be so.
[22] Considered alone the Legislature's authority in La. Const. art. 5 § 19(2) to lower the maximum ages of persons to whom juvenile treatment shall be afforded, authorizes distinction among those juveniles who may be treated as adults ["maximum ages of persons"]. Seriousness of the crime is certainly one such rational distinction among persons. And if that authority to categorize juveniles by age and nature of crime charged is not expressly stated in subsection (2) it is clearly implied, inasmuch as subsection (2), immediately follows a reference to seven distinct serious crimes.
[23] We need not rely entirely upon subsection (2), for a fair reading and application of subsections (1) and (2) together achieves the same result. In effect art. 5 §§ 19 says that the Legislature may by two-thirds vote pass laws allowing to be treated as adults juveniles arrested for having committed any one or more of seven distinct felonies (first degree murder, or second degree murder, or manslaughter, or aggravated rape, or armed robbery or aggravated burglary or aggravated kidnapping), and they may lower the age of persons — categories of persons is no doubt fairly intended — to whom only juvenile procedures shall apply.
[24] Read conjunctively, [(1) and (2) are separated by the word "and"], it is well within *West Page 1236 
the intendment of the constitutional provision that the Legislature should be permitted to apply adult procedures to differently aged juveniles falling into differing rational categories depending upon which of the seven serious felonies they may be charged with having committed. In this case they have done just that. the Legislature has determined to treat as adults only those sixteen or older juveniles who are alleged to have committed armed robbery, aggravated burglary, and/or aggravated kidnapping, and only those fifteen and older juveniles who are alleged to have committed first degree murder, second degree murder, manslaughter, and/or aggravated rape.
[25] Therefore the defendant's initial argument that La.R.S.13:1570(A)(5) violates La. Const. art. 5 § 19 is without merit.
[26] Defendant also asserts that La.R.S. 13:1570(A)(5) violates his right to equal protection of the law secured by the state and federal Constitutions in that the age limitations of the statute are arbitrary, capricious and unreasonable and are not rationally related to any legitimate state interest.[4]
[27] The United States Supreme Court, noting that an overwhelming majority of jurisdictions permitted the transfer of a minor from juvenile court jurisdictions in certain instances, observed in dicta in Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975) that: "not all juveniles can benefit from the special features and programs of the juvenile court system and that a procedure for transfer to an adult court should be available." See also State v.Everfield, 342 So.2d 648 (La. 1977).
[28] The denial of the protections of the juvenile court system by the state's classification of offenders by age and nature of offense has been upheld against similar equal protection challenges in the past by this and other courts. See State v.Smith, 400 So.2d 587 at 590-91 (La. 1981); State v.Sheppard, 371 So.2d 1135 at 1138-39 (La. 1979); Woodwardv. Wainwright, 556 F.2d 781 (5th Cir. 1978), cert.denied, 434 U.S. 1088, 98 S.Ct. 1285, 55 L.Ed.2d 794 (1978). Moreover, many states have established classifications which exclude offenders from juvenile court jurisdiction based upon age and severity of offense. See Colo.Rev.Stat. Ann. §§ 19-1-104(4)(a) (1978); Conn.Gen. Stat.Ann. §§ 46b-126, 46b-127 (Supp. 1980); Del. Code Ann. Title 10, §§ 938(a)(1), 939 (1974); Md.Cts. Jud.Proc. Code Ann. §§ 3-804(d)(1) (4) (Supp. 1980); Miss. Code Ann. §§ 43-21-105(j), 43-21-159(3) (1981); N YFam.Ct. Act §§ 712(a)(ii) (McKinney Supp. 1980); N.Y. Penal Law §§ 10.00(18) 30.00(2) (McKinney Supp. 1980); N.Y.Crim. Proc. Law §§ 180.75, 190.71, 210.43, 220.10(5)(g) (McKinney Supp. 1980); N.C.Gen.Stat. §§ 7A-608 (1981); Okla.Stat.Ann. Title 10, §§ 1104.2 (Supp. 1980); R.I. Gen. Laws Ann. §§ 14-1-7.1 (1981); Vt.Stat.Ann. Title 33, §§ 635(b), 644(c) (Supp. 1981). Equal protection attacks on such statutes have routinely been held to lack merit. See e.g., State v.Anonymous, 173 Conn. 414, 378 A.2d 528 (1977); State exrel. Coats v. Rakestraw, 610 P.2d 256 (Okla. Cr.App. 1980);State v. J.K., 383 A.2d 283 (Del. 1977); cert.denied, 435 U.S. 1009, 98 S.Ct. 1882, 56 L.Ed.2d 392 (1978).See also Everfield, supra at 653 n. 2.
[29] As this Court observed in State v. Petrovich,396 So.2d 1318 at 1322 (La. 1981):
[30] [T]he guarantee of equal protection requires that state laws affect alike all persons and interests similarly situated. Where, as here, there is no involvement of a "suspect classification" or "fundamental right," traditional equal protection analysis sustains a classification if it is not arbitrary and bears a rational relationship to a legitimate state interest. (Citations omitted)
[31] In the instant case the classifications embodied are not arbitrary and bear a rational relationship to a legitimate state interest, the protection of its citizens by exposing older minors who are accused of committing *West Page 1237 
serious and violent felonies to the usual procedures and sanctions of the state's criminal law system. Woodward v. Wainwright, supra at 785.
[32] Finally this sixteen year old defendant whose mental age is twelve years, one month[5] argues that the use of his chronological or biological age to determine whether the district or the juvenile court will have jurisdiction over his case violates his equal protection rights by being arbitrary, capricious, unreasonable and bearing no rational relationship to any legitimate state interest.[6]
[33] The state's interest here, the protection of its citizens, is legitimate. The age classifications it has drawn bear a rational relationship to that interest by the use of age and severity of offense. It would be unreasonable to expect the state to assess the mental age of each of its citizens in determining its laws. The designation of chronological age to set the parameters of the classifications in the instant offense affords the most reasonable, fair and even-handed method available to the state.
[34] Defendant in the instant case has been treated no differently than any other person his age who may have committed the same crime. Because he stands before the law on equal terms with all others similarly situated, because he enjoys the same rights as belong to, and bears the same burdens as are imposed upon, others in a like situation, it cannot be said that the statute, rationally related to a legitimate state interest, violates his right to equal protection under the law. Detrazv. Pontana, 416 So.2d 1291 (La. 1982); Bazley v.Tortorich, 397 So.2d 475 (La. 1981); Everfield,supra.
[35] All of defendant's arguments in support of the contended for unconstitutionality of La.R.S. 13:1570(A)(5) are without merit.
[36] Decree
[37] For the foregoing reasons, we find La.R.S. 13:1570(A)(5) constitutional. The trial court's granting the defendant's motion to quash the indictment is reversed and the case remanded to the district court for further proceedings.
[38] REVERSED AND REMANDED.
[39] DENNIS, J., concurs.
[1] Leach was indicted by the grand jury because the crime of aggravated rape is punishable by life imprisonment. See: La.R.S.14:42(3) and La.C.Cr.P. art. 382.
[2] Those seven felonies are: first degree murder, second degree murder, manslaughter, aggravated rape, armed robbery, aggravated burglary, or aggravated kidnapping.
[3] This last provision, Subsection 3, is not pertinent to this case and will not be discussed further.
[4] Defendant concedes that since age is not a suspect classification the test to be used under both the state and federal Constitutions in discerning equal protection violations is whether the classification has a reasonable basis rationally related to the achievement of a legitimate state interest.
[5] Defendant submitted to the trial court the report of a clinical psychologist who examined defendant on April 13, 1982, apparently at the request of defense counsel. The initial report concludes that defendant is "borderline mentally retarded." A supplemental report by the same psychologist states that defendant's mental age is twelve years, one month.
[6] There is not before us at this time any contention that defendant is incapable of proceeding.