439 So.2d 1060 (1983)
STATE of Louisiana
v.
Raymond PERIQUE.
STATE of Louisiana
v.
Christopher E. LEWIS.
Nos. 83-KA-1039, 83-KA-1048.
Supreme Court of Louisiana.
October 17, 1983.
*1061 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John H. Craft, Joanne Marier, Clifford R. Strider, III, Asst. Dist. Attys., for plaintiff-appellee.
Craig Colwart, Dwight Doskey, Tilden H. Greenbaum, Orleans Indigent Defender Program, New Orleans, for defendants-appellants.
BLANCHE, Justice[*].
These two cases were consolidated on appeal because they involve an identical issue: the constitutionality of R.S. 13:1570 A(5), which permits certain juveniles charged with certain enumerated offenses to be tried and sentenced as adults.[1]

FACTS
On February 15, 1982, Christopher Lewis, then 16, was arrested along with a sixteen year-old female and two adults for the offense of armed robbery. Lewis was later charged by bill of information with armed robbery. The sixteen year-old female was referred by petition to the East Baton Rouge Parish Family Court and handled through the special juvenile procedures. Through counsel Lewis filed a motion to quash the bill of information pending against him. The trial court granted the motion to quash on the grounds that, as applied to Lewis, the statute vesting the criminal district court with jurisdiction resulted in an unconstitutional denial of due process and equal protection of the laws.
On December 17, 1981, Raymond Perique, also sixteen at the time, was charged by bill of information with two counts of armed robbery. Counsel for the defense filed several pre-trial motions, including a motion to quash the bill of information, alleging that the Criminal District Court of Orleans Parish lacked jurisdiction in the matter. The defendant contended that La.R.S. 13:1570, which forms the basis of jurisdiction, unconstitutionally deprived the defendant of due process and equal protection of the laws by allowing the decision to treat a juvenile offender as an adult to be made without a hearing. The trial court denied the motion, whereupon Perique entered a plea of guilty, *1062 reserving his right to appeal the ruling on the motion to quash.

THE ISSUE
In State v. Leach, 425 So.2d 1232 (La. 1983), this Court addressed the facial constitutionality of the statute in question and upheld it against an equal protection challenge. At issue in these consolidated cases is the constitutionality of the statute as applied by the district attorney. Both defendants rely primarily upon Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), in their contention that because there are no statutory guidelines which a district attorney must follow in deciding whether to proceed against these youthful offenders by petition in juvenile court or by bill of information (or grand jury indictment) in district court, the defendants have been deprived of their constitutional rights of due process. According to defendants, the lack of such standards renders the present statute invalid for the same reasons the Court held that a prior juvenile transfer statute was unconstitutional. State in the Interest of Hunter, 387 So.2d 1086 (La.1980).[2]
Additionally, Christopher Lewis contends that the statute, though fair on its face, is administered so exclusively against a particular class of individuals as to result in an unconstitutional denial of equal protection.

JUVENILE COURT JURISDICTION
In Hunter this Court held that the juvenile transfer statute in question was unconstitutionally vague because it failed to set forth standards for the juvenile judge to follow to determine in individual cases which fifteen and sixteen year-olds accused of designated crimes should be transferred to criminal district court or should remain in the juvenile court system. That decision was based, however, on the "general rule" of non-criminal treatment for juveniles:
Because it is implicit in the juvenile court scheme that non-criminal treatment is to be the rule, see State v. Everfield, 342 So.2d 648 (La.1977), and that adult criminal treatment is the exception which must be governed by the particular factors of individual cases, the waiver of jurisdiction is a critically important action determining vitally important statutory rights of the juvenile which may be taken only after a hearing that measures up to the essentials of due process and fair treatment. Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966); see also In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); United States ex rel. Turner v. Rundle, 438 F.2d 839 (3rd Cir.1971); State v. Everfield, supra.
State in re Hunter, 387 So.2d 1086, 1088.
This general rule of non-criminal treatment of juveniles was clearly founded upon Art. 5, § 19 of the La.1974 Constitution as it read prior to 1979:
Section 19. Except for a person fifteen years of age or older who is alleged to have committed a capital offense or attempted aggravated rape, the determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be exclusively pursuant to special juvenile procedures which shall be provided by law. However, by law enacted by two-thirds of the elected members of each house, the legislature may (1) lower the maximum ages of persons to whom juvenile procedures would apply and (2) establish a procedure by which the court of original jurisdiction may waive such special juvenile procedures in order that adult procedures would apply in individual cases.
Except for those individuals fifteen and older accused of a capital offense or attempted aggravated rape, the La. Constitution prior to 1979 mandated non-criminal, juvenile treatment for anyone under seventeen accused of a crime. The Legislature was given the limited authority to lower the maximum age for juvenile treatment and to *1063 establish procedures for waiver, (i.e., transfer), of juvenile jurisdiction.
This constitutional scheme underwent a serious change by virtue of a 1979 amendment enacted by the vote of the people of Louisiana. Art. 5, § 19 now reads:
Section 19. The determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be pursuant to special juvenile procedures which shall be provided by law. However, the legislature may (1) by a two-thirds vote of the elected members of each house provide that special juvenile procedures shall not apply to juveniles arrested for having committed first or second degree murder, manslaughter, aggravated rape, armed robbery, aggravated burglary or aggravated kidnapping, and (2) by two-thirds vote of the elected members of each house lower the maximum ages of persons to whom juvenile procedures shall apply, and (3) by two-thirds vote of the elected members of each house establish a procedure by which the court of original jurisdiction may waive special juvenile procedures in order that adult procedures shall apply in individual cases. The legislature, by a majority of the elected members of each house, shall make special provisions for detention and custody of juveniles who are subject to the jurisdiction of the district court pending determination of guilt or innocence.
Thus, it can no longer be said that non-criminal treatment of juveniles is the general rule mandated by the constitution, since the constitution now permits the legislature to enact a statute exempting any juvenile arrested for any of the seven enumerated offenses from "special juvenile procedures."

"DE FACTO" TRANSFER
Pursuant to its constitutional authorization, the Legislature enacted the statute at issue. Notably, the Legislature did not enact a statute which tracked the language of the constitutional provision. Rather, three classes were created: (1) those fifteen and over charged with[3] first or second degree murder, manslaughter, or aggravated rape; (2) sixteen-year olds charged with armed robbery, aggravated burglary, and/or kidnapping; and (3) all others under seventeen accused of crime. State v. Leach, supra. La.R.S. 13:1570 is a jurisdictional statute, and the juvenile courts have been given jurisdiction only over those juveniles who do not fall within either of the first two categories above. The fifteen or sixteen year-old charged with one or more of these offenses is subject to the exclusive jurisdiction of the district courts.
It is true that this court has held that until a bill of information is filed or a grand jury indictment returned against a juvenile, he is subject to juvenile rather than adult procedures. State v. Lacour, 398 So.2d 1129 (La.1981). Defendants contend that, this being the case, there is a de facto transfer of jurisdiction when the district attorney files a bill of information charging, as in these cases, commission of armed robbery. They argue that the statute which permits this "effective transfer" by bill of information is unconstitutional because it does not set forth guidelines or standards which the district attorney must follow in deciding whether to charge by bill of information or by seeking an indictment. Defendants argue that this result is dictated by Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966).
In Kent the U.S. Supreme Court invalidated the transfer of a sixteen-year-old into the adult system by the juvenile court because there had been no hearing and the court had stated no reasons for the transfer. The decision in Kent, however, was based upon the rule of non-criminal treatment of juveniles evinced by the Juvenile Court Act of the District of Columbia:

*1064 The theory of the District's Juvenile Court Act, like that of other jurisdictions, is rooted in social welfare philosophy rather than in the corpus juris. Its proceedings are designated as civil rather than criminal. The Juvenile Court is theoretically engaged in determining the needs of the child and of society rather than adjudicating criminal conduct. The objectives are to provide measures of guidance and rehabilitation for the child and protection for society, not to fix criminal responsibility, guilt and punishment. The State is parens patriae rather than prosecuting attorney and judge. 383 U.S. at 554, 86 S.Ct. at 1054 (footnotes omitted).
The statute in question in Kent vested original and exclusive jurisdiction over the child in the juvenile courts, with provisions for transfer proceedings.[4] This jurisdiction conferred upon juveniles special rights and protections including being shielded from publicity and confinement with adults, and juveniles could be detained only until the age of 21. Based on these and other statutory preferences, the Court noted:
It is clear beyond dispute that the waiver of jurisdiction is a `critically important' action determining vitally important statutory rights of the juvenile. 383 U.S. 541, 556, 86 S.Ct. 1045, 1055.
For this reason, the Court concluded that a hearing and a statement of reasons were necessary to meet the constitutional requirements of due process.
The situation in the case at bar, however, is easily distinguishable from that in Kent. In this case, there are no statutory rights of which defendants are being deprived. Once a sixteen-year-old is charged with armed robbery, the question is not one of "transfer" of jurisdiction. Rather, the juvenile court is automatically divested of jurisdiction. This divestiture is not a matter of discretion on the part of the juvenile court or the district attorney, but is controlled by the statute defining the jurisdiction of the juvenile courts, La.R.S. 13:1570 A(5).
Since the defendants are not being deprived of "important statutory rights," the question is not one of due process, but of whether La.R.S. 13:1570 A(5) is a valid exercise of the State's police powers. We have already held that classifications by age and seriousness of the offense are not arbitrary or capricious, and that the classifications bear a rational relationship to the legitimate state interest of protecting the public from serious, violent felonies. State v. Leach, supra. Further, since the legislative intent is clearly that those fifteen and sixteen year olds charged with the enumerated offenses be treated in all respects as adults, we see no reason to depart from the rule that the district attorney has "entire charge and control of every criminal prosecution instituted and pending in his district, and determines whom, when and how he shall prosecute." La.C.Cr.P. art. 61; State v. Collins, 242 La. 704, 138 So.2d 546 (La. 1962); see also, Hall v. City of New Orleans, 385 So.2d 1253 (La.App. 4th Cir.1980), writ denied, 393 So.2d 739 (La.1980).

EQUAL PROTECTION
The argument that the manner in which this statute is applied deprives the defendant Christopher Lewis of the equal protection of the laws is equally unpersuasive. Defense counsel relies upon the holding of the United States Supreme Court in Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. *1065 1064, 30 L.Ed. 220 (1886), that a statute fair on its face may still be unconstitutional if "... it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances..." 118 U.S. 356, 374, 6 S.Ct. 1064, 1073.
Lewis claims invidious discrimination, alleging that the state has shown a pattern of prosecuting sixteen-year-old black males accused of armed robbery by charging them as adults, while treating all other sixteen-year-olds accused of the same offense as juveniles. This claim is based upon statistics admitted into evidence by stipulation. This evidence shows that, in a three year period prior to Lewis' arrest, over a hundred black male juveniles have been referred to the juvenile court for the offense of armed robbery; four black female juveniles were similarly referred, as were thirteen white male juveniles. During the same period, four juveniles were charged as adults for this offense, and all were black males.
While there are many considerations that go into determining whether a statute is being administered unconstitutionally, we have before us on review only this limited statistical evidence. Considering that the vast majority of black male juveniles have been accused of armed robbery in East Baton Rouge Parish have been referred to the juvenile courts, we refuse to second-guess the district attorney's reasons for exercising his broad discretion in deciding to charge these four sixteen-year-olds as adults. On the basis of such limited evidence, we are unable to find any illegal discrimination in the administration of this statute.

DECREE
For these reasons, we affirm the trial court's denial of Raymond Perique's motion to quash the bill of information. In the case of Christopher Lewis, we reverse the trial court's granting of the motion to quash and remand to that court for further proceedings.
WATSON, J., concurs; the statistics submitted on the claim of denial of equal protection do not prove anything.
NOTES
[*] BAILES, J. sitting for Justice Marcus.
[1] La.R.S. 13:1570 provides, in pertinent part:

Except as otherwise provided herein, the court shall have exclusive original jurisdiction in proceedings:
A. Concerning any child whose domicile is within the parish or who is found within the parish:
* * * * * *
(5) Who violates any law or ordinance, except a child who, after having become fifteen years of age or older is charged with having committed first degree murder, second degree murder, manslaughter, aggravated rape, or a person who, after becoming sixteen years of age or older, is charged with having committed armed robbery, aggravated burglary, or aggravated kidnapping. Once such a child has been charged with having committed any offense listed in this Paragraph, the district court shall retain jurisdiction over his case, even though the child pleads guilty to, or is convicted of, a lesser included offense, and a plea to, or conviction of, a lesser included offense shall not revest the court exercising juvenile jurisdiction of such a child.
[2] La.R.S. 13:1571.1, as amended by Act No. 460 of 1978. This statute was later amended by Act No. 482 of 1980 to provide the necessary guidelines.
[3] As we have previously explained, "charged with" means formally charged by bill of information or grand jury indictment. State v. Lacour, 398 So.2d 1129 (La.1981); see also, State ex rel. Coco, 363 So.2d 207 (La.1981).
[4] The District of Columbia's Juvenile Court Act contained a transfer provision very similar to the Louisiana statute declared unconstitutionally vague by this Court in Hunter, supra. The statute at issue in Kent read:

"If a child sixteen years of age or older is charged with an offense which would amount to a felony in the case of an adult, or any child charged with an offense which if committed by an adult is punishable by death or life imprisonment, the judge may, after full investigation, waive jurisdiction and order such child held for trial under the regular procedure of the court which would have jurisdiction of such offense if committed by an adult; or such other court may exercise the powers conferred upon the juvenile court in this subchapter in conducting and disposing of such cases."
D.C.Code § 11-914 (1961), now § 11-1553 (Supp. IV, 1965).