hORDER
Granted in part. The defendant’s case was transferred from juvenile court to the district court where he pled guilty to one count of aggravated battery. We construe defendant’s argument that the district court lacked jurisdiction to accept his guilty plea to aggravated battery as a challenge to the facial validity of La.Ch.C. art. 305(B)(2)(j), which purports to authorize the transfer of a juvenile charge of aggravated battery committed with a firearm from the juvenile court to the district court. The authority to transfer any juvenile matter to the district court stems from La. Const. art. V, § 19, which allows the legislature to except certain enumerated crimes from otherwise required “special juvenile procedures,” including “a second or subsequent aggravated battery.” (Emphasis added.) However, the defendant was not charged with a second or subsequent aggravated battery. The constitu *321 tionality of La.Ch.C. art. 305(B)(2)(j) is a matter in the first instance for the district court to consider, see State v. Brewster, 00-1266 (La.6/30/00), 764 So.2d 945, and the court may do so even when the jurisdictional challenge arises only in the context of postjconviction2 proceedings. See, e.g., State ex rel. Johnson v. Blackburn, 384 So.2d 402, 404 (La.1980); State ex rel. Moore v. Warden, 308 So.2d 749, 752 (La.1975).
Accordingly, this case is remanded to the district court for purposes of providing defendant with the opportunity to plead specifically the unconstitutionality of La. Ch.C. art. 305(B)(2)(j). Thereafter, the trial court shall reconsider relator’s challenge to the validity of his aggravated battery conviction as a jurisdictional matter under La. Const, art. V, § 19. We pretermit consideration of defendant’s additional claim that ineffective assistance of counsel rendered his guilty plea to aggravated battery involuntary pending resolution of the constitutional issue in the district court.
/s/ Jeffrey P. Victory Justice, Supreme Court of Louisiana