# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                    NEWS RELEASE #011

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **3rd day of April, 2020** are as follows:

**BY Genovese, J.:**

2019-KA-01445          STATE OF LOUISIANA IN THE INTEREST OF D.T. (Parish of Jefferson)

In this case, the State has charged D.T. with aggravated battery committed with a firearm and seeks to divest the juvenile court of jurisdiction and to prosecute D.T. as an adult pursuant to Louisiana Children's Code Article 305(B)(2)(j). In opposition, D.T. filed a motion with the juvenile court to declare La. Ch.C. art. 305(B)(2)(j) unconstitutional. The juvenile court granted D.T.'s motion. Pursuant to La. Const. art. V, § 5(D), the State sought direct review with this Court. Thus, the narrow issue before us is whether La. Ch.C. art. 305(B)(2)(j), providing for divesture of juvenile court jurisdiction when the child has been charged with aggravated battery committed with a firearm, is unconstitutional. For the reasons that follow, we affirm the juvenile court's ruling that the legislature exceeded its constitutional authority in creating an exception allowing divesture of juvenile court jurisdiction for a child charged with aggravated battery committed with a firearm, where that charge is not among the crimes enumerated in La. Const. art. V, § 19.

AFFIRMED AND REMANDED.

Retired Judge James H. Boddie, Jr., appointed Justice ad hoc, sitting for Justice Marcus R. Clark.

## SUPREME COURT OF LOUISIANA

## No. 2019-KA-01445

## STATE OF LOUISIANA IN THE INTEREST OF D.T.

## ON APPEAL FROM THE JUVENILE COURT, PARISH OF JEFFERSON

**GENOVESE, J.**[*]

In this case, the State has charged D.T. with aggravated battery committed with a firearm[1] and seeks to divest the juvenile court of jurisdiction and to prosecute D.T. as an adult pursuant to Louisiana Children's Code Article 305(B)(2)(j).[2] In opposition, D.T. filed a motion with the juvenile court to declare La. Ch.C. art. 305(B)(2)(j) unconstitutional. The juvenile court granted D.T.'s motion. Pursuant to

---

[*] Retired Judge James Boddie Jr., appointed Justice ad hoc, sitting for Justice Marcus R. Clark.

[1] D.T. was charged with a violation of La. R.S. 14:34, which is aggravated battery. "Aggravated battery committed with a firearm" is not an extant violation of either the Louisiana Revised Statutes or the Louisiana Children's Code; however, as described below, it is delineated in La. Ch.C. art. 305(B)(2) as one of the charges for which a juvenile may be prosecuted in an adult criminal court under certain circumstances.

[2] Louisiana Children's Code Article 305(B) provides, in pertinent part (emphasis added):

**(1) When a child is <u>fifteen years of age or older</u> at the time of the commission of any of the offenses listed in Subparagraph (2) of this Paragraph, he is subject to the exclusive jurisdiction of the juvenile court until whichever of the following occurs first:**

(a) An indictment charging one of the offenses listed in Subparagraph (2) of this Paragraph is returned.

**(b) The juvenile court holds a continued custody hearing and finds probable cause that the child has committed any of the offenses listed in Subparagraph (2) of this Paragraph** and a bill of information charging any of the offenses listed in Subparagraph (2) of this Paragraph is filed. During this hearing, when the child is charged with forcible or second degree rape or second degree kidnapping, the court shall inform him that if convicted he shall register as a sex offender for life, pursuant to Chapter 3-B of Title 15 of the Louisiana Revised Statutes of 1950.

…

**(2)(j) <u>Aggravated battery committed with a firearm.</u>**

La. Const. art. V, § 5(D), the State sought direct review with this Court. Thus, the narrow issue before us is whether La. Ch.C. art. 305(B)(2)(j), providing for divesture of juvenile court jurisdiction when the child[3] has been charged with aggravated battery committed with a firearm, is unconstitutional. For the reasons that follow, we affirm the juvenile court's ruling that the legislature exceeded its constitutional authority in creating an exception allowing divesture of juvenile court jurisdiction for a child charged with aggravated battery committed with a firearm, where that charge is not among the crimes enumerated in La. Const. art. V, § 19.

**Relevant Facts and Procedural History**

D.T. was arrested after a shooting incident on June 23, 2019, when he was 16 years old. According to police, D.T. retrieved a black semiautomatic weapon during an altercation outside his residence and fired two or three times into a car in which two women and a baby were seated. One woman was shot in the shoulder, and the baby was impacted by flying debris. D.T. surrendered to law enforcement on the day of the shooting.

At D.T.'s continued custody hearing on July 9, 2019, the juvenile court judge found probable cause for the charge of aggravated battery committed with a firearm, and the State requested 30 days to determine if D.T. would be prosecuted as an adult pursuant to La. Ch.C. art. 305(B)(2)-(3). The judge granted the State's request. Subsequently, counsel for the juvenile filed a "Motion to Declare Ch.C. art. 305(B)(2)(j) Unconstitutional," which the State opposed.

After a brief contradictory hearing held on August 5, 2019, the juvenile court granted the juvenile's motion and declared La. Ch.C. art. 305(B)(2)(j) unconstitutional. In written reasons for judgment, the court noted that the Louisiana Constitution and Children's Code vest the juvenile court with *exclusive* jurisdiction

---

[3] The words "child" and "juvenile" are both employed in the relevant statutory provisions and will be used interchangeably in this opinion.

over delinquency proceedings, except where the crime charged is an eligible offense as provided by La. Const. art. V, § 19. Reading La. Const. art. V, § 19 *in pari materia* with La. Ch.C. art. 305(B)(2)(j), the judge reasoned:

> The legislature adopted its list of eligible offenses from the very source of its authority[] and drafted article 305 largely as instructed by the Louisiana [C]onstitution, taking Section 10 as a whole for guidance on permissible exceptions to the otherwise-mandated juvenile procedures. The legislature, however, then overstepped its bounds when it added "aggravated battery committed with a firearm" as subsection (j), an offense that is neither anticipated by the Louisiana Constitution as an exception to juvenile procedures, nor an extant violation in the Louisiana Criminal Code.

The State now appeals.

**Law and Analysis**

Under Louisiana law, "Statutes are presumed to be valid, and the constitutionality of a statute should be upheld wherever possible." *State v. Bazile*, 12-2243, p. 15 (La. 5/7/13), 144 So.3d 719, 732 (*quoting State v. Griffin*, 495 So.2d 1306, 1308 (La.1986) (citations omitted)). When a statute is challenged as being unconstitutional on its face, as is the case here, the moving party bears an especially heavy burden to establish that there is no other interpretation or circumstance under which the law would be constitutional. *LaPointe v. Vermilion Par. Sch. Bd.,* 15-0432, p. 10 (La. 6/30/15), 173 So.3d 1152, 1160. This Court reviews lower court judgments regarding the constitutionality of statutes *de novo*, without deference to the lower courts, because such cases present questions of law. *State v. Eberhardt*, 13-2306, 14-0209, p. 5 (La. 7/1/14), 145 So.3d 377, 381. In order to properly challenge the constitutionality of a statute, "First, a party must raise the unconstitutionality in the trial court; second, the unconstitutionality of a statute must be specifically pleaded; and third, the grounds outlining the basis of unconstitutionality must be particularized." *State v. Hatton*, 07-2377, p. 14 (La. 7/1/08), 985 So.2d 709, 719 (*citing Vallo v. Gayle Oil Co., Inc.,* 94-1238, p. 8 (La.

11/30/94), 646 So.2d 859, 864-65). Here, we find that the issue of constitutionality has been properly raised, pleaded, and particularized.

The relevant constitutional provision in this case is La. Const. art. V, § 19, entitled "Special Juvenile Procedures," which provides as follows:

> The determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be pursuant to special juvenile procedures which shall be provided by law. However, the legislature may (1) by a two-thirds vote of the elected members of each house provide that special juvenile procedures shall not apply to juveniles arrested for having committed first or second degree murder, manslaughter, aggravated rape, armed robbery, aggravated burglary, aggravated kidnapping, attempted first degree murder, attempted second degree murder, forcible rape, simple rape, second degree kidnapping, a second or subsequent aggravated battery, a second or subsequent aggravated burglary, a second or subsequent offense of burglary of an inhabited dwelling, or a second or subsequent felony-grade violation of Part X or X-B of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950, involving the manufacture, distribution, or possession with intent to distribute controlled dangerous substances, and (2) by two-thirds vote of the elected members of each house lower the maximum ages of persons to whom juvenile procedures shall apply, and (3) by two-thirds vote of the elected members of each house establish a procedure by which the court of original jurisdiction may waive special juvenile procedures in order that adult procedures shall apply in individual cases. The legislature, by a majority of the elected members of each house, shall make special provisions for detention and custody of juveniles who are subject to the jurisdiction of the district court pending determination of guilt or innocence.

This provision contains three distinct sections authorizing the legislature, with a two-thirds vote of each house, to: (1) exclude from special juvenile procedures those juveniles who are charged with having committed certain enumerated crimes; (2) lower the maximum age of persons to whom special juvenile procedures apply; and, (3) establish a procedure by which the juvenile court may waive special juvenile procedures in order that adult procedures shall apply in individual cases. *State v. Hamilton*, 96-0107, p. 2 (La. 7/2/96), 676 So.2d 1081, 1082; *State v. Leach*, 425 So.2d 1232, 1233-34 (La. 1983).

In its brief, the State first argues that the legislature's authority to define the jurisdiction of the juvenile court is *not circumscribed* by the Louisiana Constitution.

4

Emphasizing that La. Const. art. V, § 18 provides that juvenile courts "shall have jurisdiction as provided by law," the State asserts that La. Const. art. V, § 19 does *not* confer jurisdiction, but merely sets out guidelines for the application of special juvenile procedures. Accordingly, the State notes that La. Ch.C. art. 303(1) provides that a court exercising juvenile jurisdiction shall have exclusive original jurisdiction over delinquency proceedings **except** when a child is either subject to the jurisdiction of the criminal courts as an adult pursuant to La. Ch.C. art. 305, *et seq.*, or has been transferred by the juvenile court to adult court pursuant to La. Ch.C. art. 857, *et seq. State ex rel. D.J.*, 01-2149, p. 11, n.10 (La. 5/14/02), 817 So.2d 26, 33. In essence, although the first sentence of La. Const. art. V, § 19 (emphasis added), requires that, "The determination of guilt or innocence … of a person who is alleged to have committed a crime prior to his seventeenth birthday ***shall be pursuant to special juvenile procedures which shall be provided by law***," the State asserts that La. Ch.C. art. 305(B) *is* a "special juvenile procedure" provided by law. However, we reject this argument, as we find it to be a strained interpretation of La. Const. art. V, § 19, which eviscerates its meaning. Furthermore, we find that the State's interpretation of this constitutional provision lacks support in the relevant jurisprudence.

For example, in *Hamilton*, 676 So.2d at 1082 (emphasis added), this Court noted:

> The Louisiana Constitution provides that juveniles are generally entitled to the protections of special juvenile procedures. La. Const. Art. V, § 19. However, the constitution specifically authorizes the legislature to exclude juveniles arrested *for certain enumerated offenses from the **jurisdiction** of the juvenile courts.*

Likewise, in *Jacobs v. Cain*, 02-1717, p. 1 (La. 3/21/03), 842 So.2d 320 (*per curiam*), in which this Court remanded a case to the district court to allow the defendant to specifically plead the unconstitutionality of La. Ch.C. art. 305(B)(2)(j), this Court stated plainly:

The authority to transfer any juvenile matter to the district court stems from La. Const. art. V, § 19, which allows the legislature to except certain enumerated crimes from otherwise required "special juvenile procedures," including a "*second or subsequent* aggravated battery." (Emphasis added.) However, the defendant was not charged with a second or subsequent aggravated battery.[4]

Indeed, in a case decided just three years after the original version of La. Const. art. V, § 19 was enacted in 1974, this Court recognized that this section was "clearly" intended to proscribe the legislature's authority to limit the juvenile court's jurisdiction:

> The term 'procedures' as used in [La. Const. art. V, § 19] clearly comprehends the whole system for dealing with juvenile law-breakers. **Therefore, the provision authorizing the legislature to establish a procedure by which the court of original jurisdiction (juvenile court) may 'waive such special juvenile procedures in order that adult procedures would apply in individual cases'** *addresses itself to the transfer of jurisdiction* and not an alternative set of rules for pleading and practice.

*State v. Everfield*, 342 So.2d 648, 652 (La. 1977) (emphasis added).

Having found that La. Const. V, § 19 delineates the legislature's authority to create exceptions to the juvenile court's jurisdiction, we turn to the statute under review in this case, La. Ch.C. art. 305, which provides for a waiver of juvenile jurisdiction in certain circumstances. *Hamilton*, 676 So.2d at 1082. Louisiana Children's Code Article 305 provides, in relevant part:

> **Art. 305. Divestiture of juvenile court jurisdiction; original criminal court jurisdiction over children**
>
> A. (1) When a child is fifteen years of age or older at the time of the commission of first degree murder, second degree murder, aggravated or first degree rape, or aggravated kidnapping, he is subject to the exclusive jurisdiction of the juvenile court until either:
>
> (a) An indictment charging one of these offenses is returned.
>
> (b) The juvenile court holds a continued custody hearing pursuant to Articles 819 and 820 and finds probable cause that he committed one of these offenses, whichever occurs first. During this hearing,

---

[4] Subsequently, the Fifth Circuit found La. Ch.C. art. 305(B)(2)(j) to be unconstitutional in an unpublished opinion, *Jacobs v. Cain*, 03-0922 (La. App. 5 Cir. 9/10/03). However, the State apparently did not seek review of that court's ruling for unknown reasons, which are not relevant to the present case.

when the child is charged with aggravated or first degree rape, the court shall inform him that if convicted he shall register as a sex offender for life, pursuant to Chapter 3-B of Title 15 of the Louisiana Revised Statutes of 1950.

(2) Thereafter, the child is subject to the exclusive jurisdiction of the appropriate court exercising criminal jurisdiction for all subsequent procedures, including the review of bail applications, and the court exercising criminal jurisdiction may order that the child be transferred to the appropriate adult facility for detention prior to his trial as an adult.

B. (1) When a child is fifteen years of age or older at the time of the commission of any of the offenses listed in Subparagraph (2) of this Paragraph, he is subject to the exclusive jurisdiction of the juvenile court until whichever of the following occurs first:

(a) An indictment charging one of the offenses listed in Subparagraph (2) of this Paragraph is returned.

(b) The juvenile court holds a continued custody hearing and finds probable cause that the child has committed any of the offenses listed in Subparagraph (2) of this Paragraph and a bill of information charging any of the offenses listed in Subparagraph (2) of this Paragraph is filed. During this hearing, when the child is charged with forcible or second degree rape or second degree kidnapping, the court shall inform him that if convicted he shall register as a sex offender for life, pursuant to Chapter 3-B of Title 15 of the Louisiana Revised Statutes of 1950.

(2)(a) Attempted first degree murder.
(b) Attempted second degree murder.
(c) Manslaughter.
(d) Armed robbery.
(e) Aggravated burglary.
(f) Forcible or second degree rape.
(g) Simple or third degree rape.
(h) Second degree kidnapping.
(i) Repealed by Acts 2001, No. 301, § 2.
(j) Aggravated battery committed with a firearm.
(k) A second or subsequent aggravated battery.
(l) A second or subsequent aggravated burglary.
(m) A second or subsequent offense of burglary of an inhabited dwelling.
(n) A second or subsequent felony-grade violation of Part X or X-B of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950 involving the manufacture, distribution, or possession with intent to distribute controlled dangerous substances.

(3) The district attorney shall have the discretion to file a petition alleging any of the offenses listed in Subparagraph (2) of this Paragraph in the juvenile court or, alternatively, to obtain an indictment or file a bill of information. If the child is being held in detention, the district

attorney shall make his election and file the indictment, bill of information, or petition in the appropriate court within thirty calendar days after the child's arrest, unless the child waives this right.

Louisiana Children's Code Article 305 provides two means by which the juvenile court may be divested of jurisdiction. The first, found in Subsection A and often referred to as "legislative waiver," is the *automatic transfer* of any case where an indictment is returned or a judge finds probable cause that the child, aged fifteen years or older at the commission of the offense, committed certain enumerated crimes. The second means of divesture of the juvenile's court jurisdiction, found in Subsection B, and often referred to as "prosecutorial waiver," is a *discretionary transfer.* Importantly, the combined list of enumerated crimes in Subsection A(1) and B(2) of La. Ch.C. art. 305 track the enumerated crimes in La. Const. art. V, § 19 word for word, **with the *lone exception* of the offense at issue in this case, "aggravated battery committed with a firearm."** Furthermore, although both the statutory and the constitutional provisions allow for adult criminal jurisdiction when the juvenile is charged with *a second or subsequent* **aggravated battery**, here the juvenile is being charged with his *first* **aggravated battery**, a crime which this Court has previously noted is not enumerated in La. Const. art. V, § 19. *Jacobs*, 842 So.2d 320.

In an attempt to overcome this deficiency, the State asserts that La. Const. art. V, § 19(1) was only intended to address the scheme set forth in La. Ch.C. art. 305(A), *i.e.*, automatic transfer of certain cases, as it enumerates crimes for which the legislature may find that special juvenile procedures "shall not apply." In contrast, the State emphasizes La. Ch.C. art. 305(B) does not provide for an *automatic* transfer, but allows juveniles who commit less serious felonies to be prosecuted in criminal district court at the discretion of the district attorney in individual cases. The State asserts that because the legislature assigned some of the enumerated crimes to the "prosecutorial waiver" scheme found in La. Ch.C. art. 305(B), the

juvenile court improperly found that La. Const. art. V, § 19(1)'s list of enumerated crimes applies to both schemes.[5] However, we find the State's contention that La. C.Ch. art. 305(B) is wholly untethered from the legislative grant of authority in La. Const. art. V, § 19 to be unsupported and meritless.

Likewise, we find the State's interpretation of Subsections (2) and (3) of La. Const. art. V, § 19 as providing authority for La. Ch.C. art. 305(B) to be both unsubstantiated and untenable. Subsection (2) of La. Const. art. V, § 19 authorizes the legislature, by a vote of two-thirds of each house, to "lower the maximum age of persons to whom juvenile procedures shall apply." In this vein, the State notes that previous iterations of La. Ch.C. art. 305 and its predecessor statute applied different age categories for different crimes, citing *State v. Lacour*, 398 So.2d 1129, 1131 (La. 1981), in support of its position. The State also notes that this Court held in *Leach*, 425 So.2d at 1235, pursuant to the version of La. Const. art. V, § 19 in effect at the time of that case, that:

> The Legislature could have provided for adult treatment for juveniles charged with perpetrating any one or more of the seven enumerated crimes, and as well, could have provided for adult treatment for all juveniles of any given age less than seventeen (say, fourteen) charged with *all* crimes, including the seven enumerated in the constitutional provision.

By adding aggravated battery committed with a firearm to the list of crimes *eligible* for transfer, the State argues the legislature effectively reduced the age of guaranteed juvenile court treatment for juveniles charged with that offense. However, we find

---

[5] The State contends that it was not the intent of the framers to ban the criminal prosecution of juveniles for crimes which are not enumerated in La. Const. art. V, § 19. According to the State, interpreting the enumerated crimes in La. Const. art. V, § 19 as an exhaustive list would encroach upon the constitutionally-conferred jurisdiction of the district court and the authority of the district attorney as provided under La. Const. art. V, § 16 and § 26, citing *State v. Roberson*, 14-1996 (La. 10/14/15), 179 So.3d 573. However, this argument lacks merit, as the constitutional authority of the district court and the district attorney may *obviously* be validly constrained by the constitutional authority granted to the juvenile court. As noted by Justice Crichton in his concurrence in *Roberson*, "the district attorney's jurisdiction to prosecute those who violate state statutes is exclusive; *it can only be constrained or curtailed when it operates to the prejudice of a contrary constitutional mandate*[.]" *Id.* at 578 (emphasis added).

that neither *Leach*, nor *Lacour*, nor any other case, provides authority for the State's contention that the legislature may lower the age for adult treatment for juveniles charged with certain crimes *other than those enumerated in La. Const. art. V, § 19.*[6]

To the contrary, we agree with D.T. and the juvenile court that the legislative and jurisprudential histories of La. Const. art. V, § 19 and La. Ch.C. art. 305 demonstrate that a constitutional amendment is required to expand the list of offenses which may be excepted from juvenile court jurisdiction. The original version of La. Const. art. V, § 19 only contained two exceptions—capital offenses and attempted aggravated rape[7]—from the special juvenile procedures. After the list was expanded in 1979, this Court implicitly recognized that La. Const. art. V, § 19 set the parameters for the exercise of adult jurisdiction over juvenile offenders, stating, "Thus, it can no longer be said that non-criminal treatment of juveniles is the general rule mandated by the constitution, since the constitution now permits the legislature to enact a statute exempting *any* juvenile *arrested for* any of the ***seven enumerated offenses*** from 'special juvenile procedures.'" *State v. Perique*, 439 So.2d 1060, 1063 (La. 1983) (final emphasis added). Thereafter, the list of enumerated crimes in La. Const. art. V, § 19 was expanded again to its present form via 1995 La. Acts, No.152. Although the State correctly notes that there have at times been minor discrepancies between the offenses listed in La. Const. art. V, § 19 and La. Ch.C. art. 305, these discrepancies have been harmonized through subsequent amendment of these two provisions, with the lone remaining exception of La. Ch.C.

---

[6] The State's argument that La. Const. art. V, § 19(3) provides constitutional authority for La. Ch.C. art. 305(B)(2)(j) is likewise without merit, as that provision merely allows "a procedure by which **the court of original jurisdiction may waive** special juvenile procedures in order that adult procedures shall apply in individual cases." (Emphasis added.) The attempted waiver of juvenile jurisdiction in this case is clearly at the discretion of the district attorney, rather than the juvenile court. Thus, this provision is not applicable. Rather, the procedure authorized in La. Const. art. V, § 19, Subsection (3), commonly referred to as a "judicial waiver," is outlined in La. Ch.C. art. 857 and is not at issue in this case.

[7] Aggravated rape was a capital offense at the time the Constitution of 1974 was enacted.

art. 305(B)(2)(j), which was added to the Children's Code via 1995 La. Acts, Nos. 367 and 979.[8] Thus, we agree with D.T. that the legislative history generally supports the juvenile court's interpretation of the enumerated crimes in La. Const. art. V, § 19 as constituting an exhaustive list of offenses which may be excepted from the juvenile court's jurisdiction.

Accordingly, we find that the legislature overstepped its authority in enacting La. Ch.C. art. 305(B)(2)(j), as "aggravated battery committed with a firearm" is not among the charges which are listed as permissible exceptions to the juvenile court's jurisdiction as prescribed in La. Const. art. V, § 19. We find that La. Ch.C. art. 305(B)(2)(j) is unconstitutional on its face, affirm the juvenile court's judgment, and remand this case for further proceedings consistent with this opinion.

**AFFIRMED AND REMANDED.**

---

[8] For example, the year after the Constitution of 1974 was enacted, the legislature added armed robbery to the list of crimes requiring automatic criminal prosecution in La. R.S. 13:1570 (repealed; now La. Ch.C. art. 305), and this addition was never challenged even though the 1974 Constitution only enumerated capital crimes and attempted aggravated rape as being exempt from special juvenile procedures. The State insists that the previous lack of a constitutional challenge of the inclusion of armed robbery in the statute without its enumeration in La.Const. art. V, § 19 lends support to the finding of constitutional validity of La. Ch.C. art. 305(B)(2)(j) in the present case. However, this argument is illogical, as there is always some passage of time between when a law is enacted and when it is enforced and/or challenged in court. Furthermore, armed robbery was added to the list of enumerated crimes in La. Const. art. V, § 19 in 1979.