CALOGERO, Justice.
We granted writs in this case upon application of an incarcerated juvenile who complains that both the district and the juvenile courts of the Twenty-Fourth Judicial District Court, Parish of Jefferson, have declared that they are without jurisdiction over him, leaving him without a judicial forum to hear his writ of habeas corpus, discovery pleadings, motions for preliminary hearing and motion to suppress a confession. We must determine the court of appropriate jurisdiction, an undertaking which requires us to answer questions of first impression under the 1974 Louisiana Constitution.
On August 24, 1978 Craig S. Coco, described as sixteen years old in pleadings filed in the lower courts by his court appointed counsel, was arrested and booked by sheriff’s deputies with first degree murder and aggravated rape, offenses he is alleged to have committed upon a twelve year old female. Because of the nature of the offenses with which he was booked, bond was denied him by a district judge before whom he was brought on the day following his arrest. After bond was denied counsel was appointed on August 25, 1978 and the pleadings noted above were quickly filed, first in the district court and then in juvenile court. While the pleadings of course speak for themselves, the securing of a hearing on the motion to suppress a confession appears to have been Coco’s foremost objective. The significance to defendant of an early hearing on the latter motion will become evident in the discussion which follows.
Constitutional rights and privileges accorded adult offenders are equally applicable in the case of juveniles. State in the Interest of Dino, 359 So.2d 586 (La.1978). See In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). It is thus clear that Coco is entitled to a determination of whether confessions were procured from him in violation of the privilege against self-incrimination conferred upon accuseds by the United States and Louisiana Constitutions. Either the juvenile or the district court then, must have jurisdiction to entertain defendant’s pleadings and make the determination sought.
The matter is to be resolved by the proper interpretation and application of Article V, Section 19, of the Louisiana Constitution of 1974 and R.S. 13:1570.
Article V, § 19 provides:
“Except for a person fifteen years of age or older who is alleged to have committed a capital offense or attempted aggravated rape, the determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be exclusively pursuant to special juvenile procedures which shall be provided by law. However, by law enacted by two-thirds of the elected members of each house, the legislature may (1) lower the maximum ages of persons to whom juvenile procedures would apply and (2) establish a procedure by which the court of original jurisdiction may waive such special juvenile procedures in order that adult procedures would apply in individual cases.”
R.S. 13:1570 provides:
“Except as otherwise provided herein, the court shall have exclusive original jurisdiction in proceedings:
A. Concerning any child whose domicile is within the parish or who is found within the parish:
J¡e Jk ¡(c Sic 5k s}c
(5) Who violates any law or ordinance, except a child who, after having become fifteen years of age, is charged with having committed a capital crime, or a crime defined by any law defining *209 attempted aggravated rape; provided that once such a child has been actually charged with a capital crime, armed robbery, or attempted aggravated rape, the district court shall retain jurisdiction over his case, even though the child pleads guilty to, or is convicted of, a lesser included offense; and a plea to, or conviction of, a lesser included offense shall not revest the juvenile court with jurisdiction of such a child.”
In the instant case defendant has been booked; he has not been formally charged, by bill of information or indictment. The offenses are first degree murder, a capital offense now and at the time the 1974 Constitution was adopted, and aggravated rape, an offense capital in 1974 but no longer so.
The two pertinent inquiries are: 1) Are first degree murder and aggravated rape offenses which Article V, § 19, properly construed, declares to be outside the purview of juvenile court (“special juvenile procedures which shall be provided by law”), and thus within the jurisdiction of the district court? and 2) Even assuming an affirmative answer to the foregoing, does the district court’s jurisdiction vest before a formal charge, by bill of information or grand jury indictment, has been lodged?

1. First Degree Murder, Aggravated Rape and the Proper Jurisdictional Forum

First degree murder is clearly a capital offense the commission of which exposes the perpetrator who is older than fourteen to prosecution in the district court.[1] However, the question of the jurisdictional forum wherein the fifteen or sixteen year old charged with aggravated rape is to be prosecuted is more difficult. The Constitution (Article V, § 19) speaks of “capital offense or attempted aggravated rape” when it excepts crimes from juvenile court jurisdiction. In 1978 (when the Constitution was written), during 1974 (when approved by the people), and at midnight on December 31, 1974 (when the Constitution took effect), aggravated rape was a capital offense: R.S. 14:42 (as it read prior to its amendment by Act 343 of 1977). Thereafter, however, the United States Supreme Court in Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977) declared the death penalty for aggravated rape unconstitutional and the Louisiana legislature responded by Act 343 of 1977, amending the aggravated rape statute, La. R.S. 14:42, to provide a penalty of life imprisonment without benefit of parole, probation or suspension of sentence. Thus aggravated rape, at the present time, and at the time of commission of the offense is not a capital offense.[2] This presents the incongruous possibility that aggravated rape falls to the jurisdiction of the juvenile court while the lesser included offense of attempted aggravated rape (never a capital offense), because specifically alluded to in Article V, § 19, is an offense over which the (adult) district court has jurisdiction.[3]
*210 Besides the incongruous resolution just mentioned, which would depend on a strictly literal interpretation and result in illogical consequences, the only alternatives are to remove attempted aggravated rape (along with aggravated rape) from the jurisdiction of the district court, notwithstanding the clear contrary provision in the Constitution, or to construe the Constitution’s language “capital offense” to specifically include aggravated rape, though not now capital, because it was capital at the time the Constitution was written and became effective.
We are of the opinion that an interpretation resulting in continued district court jurisdiction for the crime of aggravated rape is in keeping with the intent and purpose of the drafters of the constitutional provision. Prior to the United States Supreme Court’s invalidation of the death penalty for the offense of aggravated rape, it was unnecessary to separate that crime from other capital offenses since all such crimes were reserved to the district court’s jurisdiction. The designation of attempted aggravated rape as the only enumerated non-capital crime (by a juvenile fifteen or over) subject to district court jurisdiction clearly evidences the intent that the completed offense, aggravated rape, be reserved for the district court regardless of whether it is capital, as it was in 1974, or non-capital, as it thereafter became and now is.
Our determination that jurisdiction over the offense of aggravated rape committed by the juvenile fifteen or over falls to the district court should not be construed to apply to any other crime capital on the effective date of the 1974 Constitution which may become non-capital,[4] since a de-cisión with respect to any other offense is unnecessary to our decision in this case.

2. Vesting of District Court Jurisdiction for District Court Offenses by Juveniles

Having resolved that jurisdiction vests in the district court for first degree murder and aggravated rape when committed by a juvenile fifteen years or older, we must determine the time when jurisdiction attaches. Here defendant has not yet been indicted for first degree murder or aggravated rape,[5] nor charged by bill of information for attempted aggravated rape.[6] He has, however, been booked with the two former crimes.
R.S. 13:1570 as last amended in 1975 (quoted hereinabove), implements Article V, § 19 of the 1974 Constitution. It recites that jurisdiction no longer vests in the juvenile court in regard to certain juveniles at such point in time as they are “charged”, which we take to mean formally charged in court by indictment or bill of information.
The statute, however, is applicable only if it accurately reflects the meaning of the pertinent constitutional language (which is “alleged to have committed”); the task of ascertaining that meaning is reserved to this Court. In the constitutional language is defendant here “alleged to have committed” the pertinent crimes? A literal application of the imprecise term “alleged” would allow the instant vesting of adult court jurisdiction upon the substantiated or unsubstantiated allegation or accusation by a lay witness, or by a booking (or overbooking) police officer. We cannot believe that such was the intention of the redactors of the provision, whose very inclusion in the Constitution of special juvenile procedures *211 in criminal matters indicates the desire to provide distinctive treatment of children except in cases where the particular nature of a criminal offense was thought to merit exposure of older children to adult procedures and adult sanctions. Rather we believe the reasonable and appropriate interpretation of this language, coincidentally consistent with R.S. 13:1570, is that “alleged to have committed” a crime means formally charged with a crime, by indictment or bill of information.
Thus we conclude that both first degree murder and aggravated rape are adult court crimes for the juvenile fifteen or older, but that jurisdiction over the incarcerated juvenile is in the juvenile court until an indictment is found or, where appropriate, a bill of information is filed. In the instant case therefore jurisdiction was properly in the juvenile court at the time defendant applied for relief, and is so at the present time.[7]
In addition to the two major issues herein decided, certain procedural matters, including a motion to declare this case moot filed by the state, and a contempt rule filed by defendant, require discussion and resolution.
Defendant’s writ sought in its prayer an order “staying and suspending any further proceedings, including a presentment to the grand jury in connection with the juvenile, Craig C. Coco until the further orders of this Court.” On the date filed a justice of this Court granted a “stay order” “until the Court acts. . . . ” Later the full Court acted, granting the writ “with stay order.”
Thereafter at 4:07 p. m. on Monday, September 11, 1978, the day before the oral argument scheduled in this Court, the state filed a bill of information charging defendant with attempted aggravated rape. On Tuesday, September 12,1978, the state, pri- or to argument, filed a motion to have this Court declare the matter moot for the reason that the attempted aggravated rape bill of information constitutionally vested jurisdiction over this juvenile in the district court.
On Friday, September 15,1978, this Court reacted to the state’s mootness plea and to a state motion filed after oral argument seeking clarification of the Court’s stay order of September 5,1978 by asserting in an order that the stay order stayed and suspended both grand jury and other court proceedings (but not the state’s investigation and/or collection of evidence in the case) and by quashing the attempted aggravated rape bill of information as having been filed in contravention of the Court’s stay order.
We affirm the determination implicit in our order quashing the bill of information that the mootness plea is overruled. The bill of information filed in contravention of our Court order is null, void and of no effect.
Following oral argument herein, defendant filed a motion praying that the District Attorney of Jefferson Parish and two of his assistants be held in contempt of this Court for having filed and/or allowed the filing of the bill of information on September 11,1978 notwithstanding the extant order of the Court staying further court proceedings.
While the two stay orders were general rather than explicit, the import thereof should have been evident from the prayer contained in the writ applications. The prosecutor’s conduct comes dangerously close to contempt of this Court’s stay order. *212 A reasonably attentive attorney would have surely attempted to discern the import of our stay order by reviewing the pleadings and reading the applicant’s prayer. There are factors, however, which prompt us to dismiss the motion for contempt. These include the facts that the terms of the stay orders were general and non-specific, the state’s prosecutors expressed the state’s disposition to withdraw the bill of information, defendant has suffered no prejudice in light of our having quashed the bill, and, not the least of these, we are unable to conclude that the bill was filed with an intent to disregard the orders of this Court.
Finally we choose to discuss another matter which relates to the procedure which may be followed hereafter in this case. Although defendant has filed no pleading in this Court which expressly attempts to enjoin or suppress use of his confession in grand jury proceedings which may hereafter commence, he has argued that an early determination of the legality vel non of the confession may affect the issue of ultimate jurisdiction. He appears to anticipate that an early ruling pronouncing that the confession was illegally obtained may result in its being barred from use before the grand jury and consequently may diminish the strength of the presentation sufficiently to prevent the finding of a true bill. Because the issue is not before us, we will not here decide whether, armed with a determination of the confession’s illegality, Coco could prevent its use by the district attorney before the grand jury. See C.Cr.P. art. 442.[8] At most we are called upon to decide whether we should stay grand jury proceedings once this case in its present posture is finally resolved by us. Under the circumstances prevalent here we determine that we will not stay such grand jury proceedings.

Decree

For the foregoing reasons, the ruling of the district court declining jurisdiction is sustained, the ruling of the juvenile court declining jurisdiction is reversed, and the case is remanded to the juvenile court for further proceedings. The stay orders herein issued are lifted upon finality of this decision in this Court.
RULING OF DISTRICT COURT SUSTAINED; RULING OF JUVENILE COURT REVERSED; CASE REMANDED TO JUVENILE COURT.
DIXON, J., dissents with reasons.

.In pleadings filed in this Court, Coco’s counsel strenuously argues that Coco’s present status may be considered that of a “calendar juvenile,” one who, by virtue of his age, meets the definition of “child” set forth in R.S. 13:1569 but whose exact age has not been judicially determined. It is urged that jurisdiction over Coco should be found to vest initially in the juvenile court for purposes of this age determination, to the end that it may be decided whether jurisdiction would vest in the district court.
We need not determine the merit of this argument, in view of the fact that Coco’s age of sixteen is admitted in pleadings in the lower courts and in this Court. In arguing motions before the juvenile court, Coco’s counsel stated his date of birth to be January 29, 1962 and asserted that the court could judicially notice that Coco is sixteen.

. Article 933 of the Code of Criminal Procedure defines a capital offense.
“Except where the context clearly indicates otherwise, as used in this Code:
******
“(2) ‘Capital offense’ means an offense that may be punished by death.”

. Coco concludes that this situation is precisely the result of the change in the status of the crime of aggravated rape to a non-capital offense. Based on this conclusion, it is argued that constitutional guarantees of due process and equal protection are denied when jurisdiction of the greater offense is in the juvenile court but jurisdiction of the lesser, included *210 offense remains in the (adult) district court. Resolution of this issue raised by Coco is obviated by our rejection of a constitutional interpretation which would have such a result.

.On the effective date of the 1974 Constitution, in addition to aggravated rape, there were three other capital crimes: first degree murder, aggravated kidnapping and treason. At present, these three crimes remain capital offenses.

. Article I, Section 15 of the Louisiana Constitution of 1974 provides, in pertinent part, that:
“Prosecution of a felony shall be initiated by indictment or information, but no person shall be held to answer for a capital crime or a crime punishable by life imprisonment except on indictment by a grand jury.”

. But, see our discussion hereinafter relative to this Court’s quashing a bill of information filed after our stay order was issued.

. We hasten to point out that jurisdiction over true habeas corpus proceedings does indeed lie in the district court. Article V, § 2, Article V, § 16, Louisiana Constitution of 1974. And to the extent that defendant’s writ in district court was for habeas corpus, though prompted principally by a desire to determine the proper court in which to have pleadings in the criminal case entertained, the district court had jurisdiction to hear defendant out, and to determine if defendant was being in any respect illegally detained. Inasmuch as we have now determined the appropriate jurisdictional court in this criminal case, it would serve no purpose to remand to the district court to hear the habeas petition simply to rule as we are here ruling that proceedings for the present at least in this case should be in juvenile court.

. But see State v. Anderson, 254 La. 1107, 229 So.2d 329 (1969); rev'd on other grounds, 403 U.S. 949, 91 S.Ct. 2288, 29 L.Ed.2d 861 (1971).