398 So.2d 1129 (1981)
STATE of Louisiana
v.
Cedric LACOUR, Rene Perkins and Kip Franklin.
No. 81-K-0750.
Supreme Court of Louisiana.
May 18, 1981.
*1130 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns and Reginald T. Blades, Asst. Dist. Attys., for plaintiff-relator.
Craig Cowalt and Alvin Taylor of Orleans Indigent Defender Program, New Orleans, for defendant-respondent.
CALOGERO, Justice.
Respondents Cedric Lacour, Rene Perkins and Kip Franklin were arrested in Orleans Parish for the crime of armed robbery, a violation of R.S. 14:64. All three were sixteen years old at the time of their arrest, which took place the same day of the crime. A magistrate of the Orleans Parish District Court set bail at $40,000.00 for each shortly after the arrest. The following day counsel for respondents filed motions seeking to have their custody transferred from the criminal district court to juvenile court, grounding his motion on the holding of this Court in State ex rel. Coco, 363 So.2d 207 (La.1978). The judge ad hoc granted the motion to transfer custody but stayed the transfer to allow the state time to file a writ application in this Court. This Court granted the writs and extended the stay until further orders of the Court. 397 So.2d 810 (La.1981). After writs had been granted, the district attorney refused charges against Cedric Lacour and Kip Franklin and filed a bail of information against Rene Perkins.
The matter presented by the writ application concerns which court has jurisdiction over a sixteen year old arrested for armed robbery but against whom a bill of information has not yet been filed. While it might seem that the filing of the bill of information against Perkins and the refusing of charges against Lacour and Franklin would render the case moot, we shall consider the issue nevertheless. Should we decline the issue because it is now moot, the issue could permanently escape our consideration.[1] This case presents *1131 a classic example of a situation which could be "capable of repetition, yet evading review." Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976); Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); Moore v. Ogilvie, 394 U.S. 814, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969); Southern Pacific Terminal Co. v. I. C.C., 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911).
In State ex rel. Coco, 363 So.2d 207 (La. 1978), we had to determine whether criminal district court or juvenile court had jurisdiction over a sixteen year old who was incarcerated for first degree murder and aggravated rape. We determined that jurisdiction over the juvenile vested in the criminal district court only after the juvenile had been charged by grand jury indictment or a bill of information. We predicated our determination as to the time jurisdiction vested in the criminal district court upon our interpretation and application of Article V, Section 19, of the Louisiana Constitution of 1974 and R.S. 13:1570 as those laws read at the time of the alleged offenses.
The pertinent Constitutional provision regarding juveniles at the time of the Coco decision read as follows:
"Except for a person fifteen years of age or older who is alleged to have committed a capital offense or attempted aggravated rape, the determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be exclusively pursuant to special juvenile procedures which shall be provided by law. However, by law enacted by two-thirds of the elected members of each house, the legislature may (1) lower the maximum ages of persons to whom juvenile procedures would apply and (2) establish a procedure by which the court of original jurisdiction may waive such special juvenile procedures in order that adult procedures would apply in individual cases." La. Const. Art. V, § 19 (before amendment in 1979). (emphasis provided.)
R.S. 13:1570 (in 1978) provided that the juvenile court should have exclusive original jurisdiction in proceedings:
"A. Concerning any child whose domicile is within the parish or who is found within the parish:
* * * * * *
(5) Who violates any law or ordinance, except a child who, after having become fifteen years of age, is charged with having committed a capital crime, or a crime defined by any law defining attempted aggravated rape; provided that once such a child has been actually charged with a capital crime, armed robbery, or attempted aggravated rape, the district court shall retain jurisdiction over his case, even though the child pleads guilty to, or is convicted of, a lesser included offense; and a plea to, or conviction of, a lesser included offense shall not revest the juvenile court with jurisdiction of such a child." (emphasis provided.)
We held that the "charged" of R.S. 13:1570 and the "alleged to have committed" of the Constitution meant formally charged with a crime by bill of information or grand jury indictment. Subsequent to our decision in Coco, the people of the state approved a change in the Constitution which allowed the legislature by a two-thirds vote to provide "that special juvenile procedures shall not apply to juveniles arrested for having committed" certain enumerated crimes, among them armed robbery. *1132 La.Const. Art. 5, § 19, as amended in 1979.[2]
Subsequent to this constitutional amendment, the Legislature enacted Acts 1980, No. 482, so that R.S. 13:1570 now reads in pertinent part:
"Except as otherwise provided herein, the court [juvenile] shall have exclusive original jurisdiction in proceedings:
A. Concerning any child whose domicile is within the parish or who is found within the parish:
. . . .
(5) Who violates any law or ordinance, except a child who, after having become fifteen years of age or older is charged with having committed first degree murder, second degree murder, manslaughter, aggravated rape, or a person who, after becoming sixteen years of age or older, is charged with having committed armed robbery, aggravated burglary, or aggravated kidnapping. Once such a child has been charged with having committed any offense listed in this Paragraph, the district court shall retain jurisdiction over his case, even though the child pleads guilty to, or is convicted of, a lesser included offense, and a plea to, or conviction of, a lesser included offense shall not revest the court exercising juvenile jurisdiction of such a child." (emphasis provided.)
Although the Constitution specifically authorized the Legislature to provide for district court jurisdiction for juveniles "arrested for" certain crimes, the Legislature instead retained the language of the former version of the statute and placed only juveniles "charged" with certain crimes within the jurisdiction of the district court. Except for those of a certain age and "charged" with certain crimes, juveniles fall within the jurisdiction of the juvenile court.
Under our interpretation of "charged" in Coco, until a juvenile is formally charged by bill of information or grand jury indictment he is within the juvenile justice system. By using the same term, "charged", for the vesting of jurisdiction in the district court, the Legislature has effected no change in the time that a juvenile falls within the jurisdiction of the district courts. Until a bill of information is filed or a grand jury indictment is returned against the juvenile, he is subject to juvenile rather than adult procedures.

Decree
For the foregoing reasons, the ruling of the trial judge that defendant belonged in the juvenile justice system is affirmed.
AFFIRMED.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
La. Code Crim. P. art. 228 provides for the booking of an arrested person. The article states in pertinent part: "A person is booked by an entry, in a book kept for that purpose, showing his name and address, the offense charged against him, by whom he was arrested, ...." (Emphasis added.) Therefore, when the legislature passed the act in 1978 (La. R.S. 13:1570 *1133 A(5)), providing that "[w]ho violates any law or ordinance, except a child who, after having become fifteen years of age, is charged with having committed a capital crime, or a crime defined by any law defining attempted aggravated rape; ..." the legislature must have intended that charged refers to the time of booking of the arrested person and not to the time defendant was formally accused by grand jury indictment or information.[1] (Emphasis added.) Accordingly, I respectfully dissent.
NOTES
[1] This is the third time we have been asked to consider juveniles in similar situations: State v. Pierre, and James, 392 So.2d 1071 (La.1980), concerned two sixteen year olds arrested for armed robbery who had been ordered transferred from the adult system to the juvenile system. We granted the state's application for an extension of the order staying the transfer. Pending the application for writs, charges were refused against one juvenile and a bill of information filed against the other. In State v. Bauman, Mahoney and Roben, 397 So.2d 797 (La. 1981), we declined to extend an order staying the transfer of three sixteen year old youths also arrested for armed robbery to the juvenile system. All applications have originated from Orleans Parish where there is a time lag between arrest and the reviewing of the case by the District Attorney to determine whether to accept or refuse charges. To grant writs and have the issue mooted gives no direction to the courts below.
[2] The full text of the constitutional provision is as follows:

"Section 19. The determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be pursuant to special juvenile procedures which shall be provided by law. However, the legislature may (1) by a two-thirds vote of the elected members of each house provide that special juvenile procedures shall not apply to juveniles arrested for having committed first or second degree murder, manslaughter, aggravated rape, armed robbery, aggravated burglary or aggravated kidnapping, and (2) by two-thirds vote of the elected members of each house lower the maximum ages of persons to whom juvenile procedures shall apply, and (3) by two-thirds vote of the elected members of each house establish a procedure by which the court of original jurisdiction may waive special juvenile procedures in order that adult procedures shall apply in individual cases. The legislature, by a majority of the elected members of each house, shall make special provisions for detention and custody of juveniles who are subject to the jurisdiction of the district court pending determination of guilt or innocence." (emphasis provided.)
[1] La. Code Crim. P. art. 383 provides in pertinent part: "An indictment is a written accusation of a crime made by a grand jury." Article 384 provides in pertinent part: "An information is a written accusation of crime made by the district attorney and signed by him."