CALOGERO, Justice,
concurring in part, dissenting in part.
I concur in affirming the conviction for armed robbery (No. 81-KA-1376). However, I dissent from affirming the conviction for forcible rape (No. 81-KA-1377, 406 So.2d 1325 (La.1981)). The latter case should be remanded to the juvenile court where the state can file a petition for transfer and resume the prosecution.
In the transfer hearing conducted regarding the charge of armed robbery, there was a proper finding that defendant was not amenable to treatment or rehabilitation through facilities available to the juvenile court. I also agree with the majority position, although the matter is not without some doubt, that the old juvenile transfer law was not abrogated by the 1979 Constitutional amendment. The old transfer law should be allowed to continue to facilitate transfer of juveniles determined to be beyond the scope of the juvenile system into the adult criminal courts during the nine months between the effective dates of the constitutional amendment and the new transfer statute. Otherwise, we would have a complete moratorium during which all juveniles, regardless of their history or the crimes with which they were charged, could only be subject to the special handling of the juvenile justice system. I agree with the majority that such could not have been the intention of the Legislature and the people in passing the Constitutional change.
However, I am not in agreement with the treatment given the aggravated rape charge out of which the forcible rape conviction was obtained. The old jurisdiction statute, La.R.S. 13:1570(A)(5), represented no more than a restatement of the former constitutional provision regarding outset jurisdiction of the district court over juveniles 15 years of age who were charged with aggravated rape. That constitutional provision was repealed, and the replacement provision mandates that all juveniles fall within the jurisdiction of juvenile court except where the Legislature particularly provides otherwise for juveniles of a certain'' age who are charged with enumerated crimes. The clear language of this new constitutional provision placed outset jurisdiction over all juveniles in juvenile court unless and until the Legislature were to choose to provide otherwise. The Legislature did not provide otherwise until some nine months following the effective date of the new constitutional provision. Even when the Legislature did act, it did not remove from the outset jurisdiction of juvenile court all the classes of juveniles it was constitutionally permitted to remove. The majority relies upon this later passed legislation to hold that in the interim between the effective date of the new constitutional provision and the effective date of the legislation, the outset jurisdiction for a 15 year old charged with aggravated rape was in district court.
The chronology and essence of the constitutional provisions and statutes forming the basis of this controversy are here set forth:
1974 Constitution, Article V, § 19 (before amendment) — Juveniles fifteen years of age or older charged with capital offenses or attempted aggravated rape were in the adult criminal court system from the initiation of prosecution. In State ex rel. Coco, 363 So.2d 207 (La.1978), we held that the phrase “capital offenses” included aggravated rape although the United States Supreme Court had invalidated *1324 the death penalty for that crime. Other juveniles under the age of seventeen were subject to juvenile court jurisdiction, except that the Legislature could lower the maximum age of persons to whom the juvenile procedures would apply and could establish procedures for transferring individual juveniles into the adult court.
La.R.S. 13:1571.1 (effective Jan. 1, 1975) —Juveniles over the age of fifteen could be tried as adults if a petition seeking transfer of the juvenile into the adult system was filed, and the juvenile court judge made certain findings about the juvenile and his past history. In the absence of the required findings, the juvenile remained under the jurisdiction of the juvenile justice system. Those juveniles enumerated in Article V, section 19 of the 1974 Constitution, of course, fell immediately to the jurisdiction of the regular criminal court upon the initiation of prosecution.
Amendment of Article V, § 19 of the 1974 Constitution (effective Nov. 30, 1979)— All juveniles under the age of seventeen shall be subject to special juvenile procedures. The amendment reserved to the Legislature the right to except certain classes of juveniles from juvenile court jurisdiction and provide that these individuals be subject from the outset to the jurisdiction of the adult criminal justice system.. The amendment also allowed the Legislature to provide for the transfer of some other juveniles into the adult system.
La.R.S. 13:1570(A)(5) (effective Sept. 12, 1980) — The amended jurisdiction statute, passed pursuant to the authorization of the 1979 constitutional amendment, placed oufset jurisdiction over juveniles over a certain age and charged with having committed enumerated crimes in the adult court system and subjected these juveniles to adult criminal procedures.
I question under what authority, during the nine month interval between the effective date of the constitutional amendment and the effective date of the new jurisdiction statute, a juvenile over fifteen and charged with aggravated rape could be subject to the jurisdiction of the adult criminal court. The majority says that the constitutional change intended to leave jurisdiction over juveniles over the age of fifteen and charged with aggravated rape in the adult system. It bases this conclusion on the fact that several months later the Legislature passed an act which did just this. Suppose, however, that the Legislature had not so acted. Surely then the majority position could not be the same. Is this therefore some sort of ex post facto application of that law? Also consider, for example, the fifteen year old charged with manslaughter. Under the old constitutional provision, this individual began his sojourn in the juvenile court system and entered the adult system only after a transfer hearing at which certain findings had been made. Under the statutory provision enacted pursuant to the constitutionalxchange, the fifteen year old charged with manslaughter is subject to the outset jurisdiction of criminal district court. During the nine month interim until the new jurisdiction statute became effective, surely then this person was not subject to the jurisdiction of the adult system. How then can we treat differently during that nine month interval the juvenile charged with aggravated rape and the juvenile charged with manslaughter when the new statute creating outset jurisdiction in criminal district court applies equally to both?
I simply see no way, under logical constitutional and statutory construction, to subject juveniles 15 years of age or older charged during this interval with aggravated rape to the outset jurisdiction of the district court when the constitutional provision which had allowed this had been replaced by one which did not, although the latter gave the Legislature permission to do so if it later chose. The statutory implementation of this new constitutional provision had not been enacted at the time of the crime with which this defendant is charged.