WRIT DENIED:
Where a minor is arrested for an adult crime the Juvenile Court retains jurisdiction over the matter. State v. Lacour, 398 So.2d 1129 (La.1981). However, Article 24 of the Code of Juvenile Procedure states: “The provisions of this Code, except as otherwise specially provided in the law being applied, shall govern and regulate the proceedings of courts exercising juvenile jurisdiction. Where procedures are not provided in this Code, or otherwise by law, the court shall proceed in accordance with: (1) The Code of Criminal Procedure in a criminal trial of an adult.”
The Code of Juvenile Procedure has no provisions for the time in which an indictment or information must be filed where a minor is arrested for an adult crime. Article 46, clearly applies solely where a juvenile offense is involved, therefore the juvenile court must look to the Code of Criminal Procedure. It is inconceivable that the legislature or the courts intended for a minor to be indicted within 48 hours when the State has 60 days to indict an adult arrested for the same offense (Code of Criminal Procedure Art. 701). If the State had to indict a minor defendant within 48 hours the chances of a possibly innocent person being publicly charged with a serious crime would be greatly increased. Conversly, if the State cannot return an indictment or information within 48 hours, a dangerous criminal, although a minor, would be released and possibly greatly endanger the community. These are the results Article 701 is intended to avoid with adult criminals. To make a distinction for minors charged with adult crimes would be tantamount to saying that a minor can be wrongfully charged, or released to endanger the community, where an adult arrested for the same crime cannot.
For the foregoing reasons the judgment of the juvenile court is correct and the writ is denied.