h KATZ, Judge.
FACTS
The defendant, Leroy Jackson, age 16, was arrested on October 22, 1999 for a violation of LSA R.S. 14:30, relative to First Degree Murder. Due to the defendant’s age, he was brought to Juvenile Court for a continued custody hearing in Judge Salvadore Mule’s section of court.
On October 25, 1999, the Judge found probable cause for the arrest of the defendant for the crime of Second Degree Murder. The Judge remanded the defendant and ordered that the District Attorney’s office had thirty (30) days in which to file a bill of information or indictment, or a petition in Juvenile Court. The Judge set a status hearing for November 29,1999.
On November 29, 1999, at the status hearing, the District Attorney’s office informed the court that they were unsure if any charges had been filed against the defendant. Based on the state’s' assertion, the Judge ordered the defendant released. The Judge reasoned that pursuant to Article 305 of the Louisiana Children’s Code, the District Attorney’s office had thirty (30) days in which to file a bill of information or indictment, or a petition in Juvenile Court.
laThe Assistant District Attorney noticed his intent to apply for writs, and the Judge stayed the defendant’s release pending a ruling by this Court.
The Judge gave the State of Louisiana until 3:00 p.m. of the same day to file their writ application.
Subsequent to the filing of the State’s writ application, the Grand Jury for the Parish of Orleans returned an indictment on December 16, 1999 for Leroy Jackson for the offense of Second Degree Murder. The case has been assigned a case number and court section.
Nevertheless, this Court does not believe, however, that the issue contained in the state’s writ application is moot as a result of the charges having been accepted.
The court in State v. Neisler, 93-1942 (La.2/28/94), 633 So.2d 1224 dealt with a similar issue. In Neisler, the defendant had been arrested, but charges had not yet been filed and a court section had not yet been allotted. During this interim period, a trial court judge reduced the bond that had been set in Magistrate Court. The matter reached the Louisiana Supreme Court, but by that time, formal charges had been filed, and the Supreme Court recognized that the issue could be considered moot. However, the Supreme Court determined that “this case presents a classic illustration of an issue ‘capable of repetition, yet evading review’.” Neisler, 633 So.2d at p. 1227. As a. result of that concern, the court held as follows:
That the issue could permanently escape our consideration should we once again decline to consider it as moot is *902 evidenced by the fact that the issue arises only during a small window of time between arrest and the district attorney’s formal decision of whether to prosecute — a statutory maximum 60-day period in felony cases. Because that window of time is shorter than the ordinary appellate delay, the issue could ^permanently evade appellate review. State v. Lacour, 398 So.2d 1129, 1130-31 (La.1981); Malek v. Yekani-Fard, 422 So.2d 1151, 1152 (La.1982).
In short, this case falls squarely within the ambit of the special exception permitting courts to consider moot issues that are capable of repetition, yet forever evading appellate review. Lacour, supra; State v. Eaton, 483 So.2d 651, 660-61 (La.App. 2d Cir.1986).
Neisler, 633 So.2d, at p. 1227 (footnote omitted).
Applying the reasoning of the Supreme Court in Neisler, this Court will consider the issues in the State’s writ application at this time.
ISSUES
1. Whether a Juvenile Court Judge has jurisdiction to release a defendant charged with First Degree Murder after a continued custody hearing is held in Juvenile Court and probable cause is established for the defendant’s arrest.
2. Whether the District Attorney’s office has thirty (30) days or sixty (60) days to file a bill of information or indictment or petition in Juvenile court for the offense of second degree murder.
LAW
“If a child is not released to the care of his parents, a hearing shall be held by the court within three days after the child’s entry into the juvenile detention center or shelter care facility. If the hearing is not held, the child shall be released unless the hearing is continued at the request of the child.” La.Ch.C. art. 819.
“At the continued custody hearing, the State shall prove that there is probable cause that the child has committed a delinquent act or has violated a condition of his probation or release.” La.Ch.C. art. 820.
In the case sub judice, a continued custody hearing was held within three days pursuant to La.Ch.C. art 819. Subsequent to the hearing, and in accordance with La.Ch.C. art 820, the Judge found probable cause for the ¡¿defendant's arrest for the charge of LSA-R.S. 14:30.1, second degree murder.
La.Ch.C. art. 305 A provides:
(1) When a child is fifteen years of age or older at the time of the commission of first degree murder, second degree murder, aggravated rape, or aggravated kidnapping, he is subject to the exclusive jurisdiction of the juvenile court until either:
(a) An indictment charging one of these offenses is returned.
(b) The juvenile court holds a continued custody hearing pursuant to Articles 819 and 820 and finds probable cause that he committed one of these offenses, whichever occurs first.
(2) Thereafter, the child is subject to the exclusive jurisdiction of the appropriate court exercising criminal jurisdiction for all subsequent procedures, including the review of bail applications, and the child shall be transferred forthwith to the appropriate adult facility for detention prior to his trial as an adult.
In the case sub judice, the defendant is a child who was sixteen years of age at the time of the commission of the first degree murder. Pursuant to La.Ch.C. art 305 A, he is subject to the exclusive jurisdiction of the juvenile court until (emphasis added) one of two events occur, as listed in article 305 A above.
In the instant case, the juvenile court judge held a continued custody hearing pursuant to La.Ch.C. articles 819 and 820 and found probable cause for the defendant’s arrest for second degree murder, *903 which is one of the enumerated offenses in article 305(A)(1).
La.Ch.C. article 305 A(2) clearly delineates the next step: juvenile court is divested of jurisdiction and the child is subject to the exclusive jurisdiction of the [ sappropriate court exercising criminal jurisdiction for all subsequent procedures, (emphasis added).
The court in State v. Hamilton, 96-0107 (La.7/2/96), 676 So.2d 1081 discussed this issue at length:
Under La.Ch.C. art. 303, the juvenile courts have exclusive original jurisdiction over delinquency proceedings except when a child is subject to the original jurisdiction of the criminal courts pursuant to art. 305 et seq. or when a child has been transferred by the juvenile court for criminal prosecution as an adult pursuant to art. 857 et seq.
Louisiana Children’s 'Code art. 305 provides for original criminal jurisdiction over juveniles charged with the most serious offenses. As under the pre-Children’s Code jurisdictional statute, La.R.S. 13:1570, La.Ch.C. art. 305 states that initially jurisdiction over juvenile criminal offenses vests exclusively in the juvenile court. Only when a divesting event occurs, does the district court obtain jurisdiction over the proceedings. State v. Lacour, 398 So.2d 1129, 1132 (La.1981).
For certain offenses punishable by death or life imprisonment, Subsection A of La.Ch.C. art. 305 provides that the juvenile court is automatically divested of jurisdiction when an indictment is obtained or when the court finds probable cause that the accused committed the offense. La.Ch.C. art. 305 A. Thus, an offender fifteen years of age or older must be tried as an adult for the offenses listed in section A(l). This automatic and irreversible divestiture of jurisdiction from the juvenile court to the district court is generally called “legislative waiver” because legislative fiat has automatically waived juvenile court jurisdiction in these cases. See Samuel M. Davis, Rights of Juveniles: the Juvenile Justice System, § 2.8 (1995).
Hamilton, supra at pp. 2-3, 676 So.2d at 1082 (footnote omitted).
1 ^Pursuant to statutory law and case law, juvenile court is divested of jurisdiction when a juvenile is arrested for murder and probable cause for the arrest is found to exist. Once this has been resolved, then the next step is to determine how long the state has to accept charges.
The court in State v. Satcher, 430 So.2d 741 (La.App. 4 Cir.), writ denied, 435 So.2d 440 (La.1983) held that the trial court’s ruling that the State had 60 days pursuant td La.C.Cr.P. art. 701 B to indict a minor arrested for an adult crime was correct. The court in Satcher stated that “it is inconceivable that the legislature or the courts intended for a minor to be indicted within 48 hours when the State has 60 days to indict an adult arrested for the same offense.” Satcher, 430 So.2d at p. 742.
La.C.Cr.P. art. 701 B delineates the time period for the filing of a bill of information or indictment after arrest as follows:
(1) When the defendant is continued in custody subsequent to an arrest, an indictment or information shall be filed within forty-five days of the arrest if the defendant is being held for a misdemeanor and within sixty days of the arrest if the defendant is being held for a felony. (Emphasis added)
The court’s rationale for this determination rests with the fact that the Children’s Code is silent as to the amount of time which the state has to file charges against a minor charged with an adult crime. Although the court in Satcher quotes Article 46 of the Code of Juvenile Procedure, which has been superceded by the Louisiana -Children’s Code, the Children’s Code has an equivalent provision in La.Ch.C. art 104(1): . . .
*904 Where procedures are not provided in this Code, or otherwise by law, the court shall proceed in accordance with...the Code of Criminal j ./Procedure in a delinquency proceeding and in a criminal trial of an adult.
Thus, in applying La.Ch.C. art. 104, pursuant to La.C.Cr.P. art 701, the state has sixty (60) days in which to file charges against Leroy Jackson.
CONCLUSION
Pursuant to La.Ch.C. art. 305 A, juvenile court is divested of jurisdiction once probable cause has been found for the juvenile’s arrest. The juvenile is then subject to the exclusive jurisdiction of the criminal district court. Finally, in accordance with the aforementioned statutes and caselaw, the state then has sixty (60) days in which to file charges. The ruling of the juvenile court is hereby reversed.
REVERSED.